Barry P. Caplan, OSB No. 65017
Martin P. Meyers, OSB No. 99082
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: barry@sussmanshank.com
martin@sussmanshank.com

Proposed Attorneys for Debtor and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re<br><br>TRINITY CARPET BROKERS, INC., an Oregon corporation,<br><br>Debtor. | Case No. 08-33007-rld11<br><br>MOTION FOR FIRST DAY ORDER AUTHORIZING: (1) DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS AND EMPLOYEE EXPENSES, ACCRUED EMPLOYEE SICK PAY, VACATION PAY AND BENEFITS, EMPLOYMENT TAXES, AND PREPETITION INDEPENDENT CONTRACTOR INVOICES; AND (2) DEBTOR TO HONOR CUSTOMER DEPOSITS |
|---|---|

Trinity Carpet Brokers, Inc., an Oregon corporation (the "Debtor"), moves this Court pursuant to 11 USC §§ 105(a) and 503(b) for a "first day" order as follows.

1. On June 20, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Bankruptcy Code (the "Code"). The Debtor continues in possession of its property and management of its operations as debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed.

2. This Court has jurisdiction over this case under 28 USC §§ 157 and 1334.

Page 1 of 7 - MOTION FOR FIRST DAY ORDER AUTHORIZING: (1) DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS AND EMPLOYEE EXPENSES, ACCRUED EMPLOYEE SICK PAY, VACATION PAY AND BENEFITS, EMPLOYMENT TAXES, AND PREPETITION INDEPENDENT CONTRACTOR INVOICES; AND (2) DEBTOR TO HONOR CUSTOMER DEPOSITS
SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Venue of this case is properly in this district under 28 USC §§ 1408 and 1409. This matter is a core proceeding under 28 USC § 157(b) of the Bankruptcy Code.

3. The Debtor is an Oregon corporation incorporated in 1994 with a current sales volume of approximately $28 million per year. The Debtor is a large, full service flooring and design center that serves builders, remodeling contractors, property management companies, and home owners in the Pacific Northwest. Declaration of John Chism ("Chism Declaration"), ¶ 9. The Debtor currently employs approximately 45 employees. The Debtor also uses independent contractor carpet installers to install carpets for the Debtor's customers. The subcontractor carpet installers are generally self employed individuals and it is the industry practice for installers to be independent contractors rather than employees. The debtor has no captive employee installers. Chism Declaration, ¶ 10.

4. This case contemplates an early sale ("Sale") of most of Debtor's assets to a third party, SC Design of San Diego, California ("SC"). Sterling Bank ("Sterling") is Debtor's primary secured lender with first priority collateral interests as set forth in Debtor's accompanying *Motion For Order (1) Authorizing Debtor's Use Of Cash Collateral, (2) Granting Adequate Protection, and (3) Setting Final Hearing.* Unfortunately, it is anticipated that the proceeds from the Sale will likely yield far less than the amount of Sterling's secured claim. Nonetheless, to facilitate the sale under 11 USC § 363, Sterling has agreed to fund certain aspects of this case from its cash collateral, including payments needed for Debtor to run its business operations through the date of sale. See Chism Declaration, ¶ 11.

5. By this Motion, Debtor requests leave to pay up to the applicable priority allowance under 11 USC § 507, the Wages, Taxes and Benefits, Commissions, Expenses, Sick and Vacation claims, and Independent Contractor Claims all as defined herein. The amounts to be paid are set forth in the approved cash collateral budget

Page 2 of 7 - MOTION FOR FIRST DAY ORDER AUTHORIZING: (1) DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS AND EMPLOYEE EXPENSES, ACCRUED EMPLOYEE SICK PAY, VACATION PAY AND BENEFITS, EMPLOYMENT TAXES, AND PREPETITION INDEPENDENT CONTRACTOR INVOICES; AND (2) DEBTOR TO HONOR CUSTOMER DEPOSITS
SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

filed as part of the *Motion For Order (1) Authorizing Debtor's Use Of Cash Collateral, (2) Granting Adequate Protection, and (3) Setting Final Hearing.*

**WAGE AND COMMISSION CLAIMS, RELATED TAXES**

6. The Debtor generally pays its employees (both salaried and hourly) twice per month. Payroll taxes ("Taxes") and benefits ("Benefits") are typically paid at the same time as the corresponding paycheck. On June 19, 2008, hourly and salaried employees were paid for all Wages and Benefits due and owing through the prepetition pay period ending June 15, 2008, as were the applicable Taxes. The next regularly scheduled pay day is July 5, 2008, for the pay period from June 16, 2008, through June 30, 2008. As of the Petition Date, the total amount of prepetition Wages and Benefits for the period from June 16, 2008, to June 20, 2008, that is owed to hourly and salaried employees and will become due on July 5, 2008, is approximately $69,700 ("Wages"). Chism Declaration, ¶ 12.

7. Commissionable employees are entitled to commissions once per month. Commissions are paid for sales completed in previous months and also paid in full by the 15th of the current month. Each commission payment is reduced by the amount of any draws previously taken by the employee. All commissionable employees were paid their due and payable commissions on June 19, 2008. As of June 20, 2008, the estimated amount of prepetition commissions accrued but not yet due is $28,000 ("Commissions"). Chism Declaration, ¶ 13.

**SICK AND VACATION CLAIMS**

8. Employees are entitled to receive credit for accrued sick time and vacation time ("Sick and Vacation"). The Debtor seeks authority to continue honoring that policy. In the event any employee quits prior to the Petition Date, the Debtor also seeks authority to pay any accrued vacation pay to such employees, consistent with Debtor's existing policies. Chism Declaration, ¶ 15.

Page 3 of 7 - MOTION FOR FIRST DAY ORDER AUTHORIZING: (1) DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS AND EMPLOYEE EXPENSES, ACCRUED EMPLOYEE SICK PAY, VACATION PAY AND BENEFITS, EMPLOYMENT TAXES, AND PREPETITION INDEPENDENT CONTRACTOR INVOICES; AND (2) DEBTOR TO HONOR CUSTOMER DEPOSITS

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

9.     Upon information and belief, no employee is owed more than $10,950 for Wages and Sick and Vacation claims. Chism Declaration, ¶ 16. See 11 USC § 503(a)(4).

**EXPENSE REIMBURSEMENT CLAIMS**

10.    Hourly and salaried employees are entitled to receive expense reimbursements as soon as reasonably possible after submission of approved expenses to the Debtor's accounting department. As of June 20, the Debtor is unaware of any expenses owing to any employees, but is uncertain whether in fact any prepetition expense reimbursement may in fact exist ("Expenses"). Chism Declaration, ¶ 14.

**INDEPENDENT CONTRACTOR CLAIMS**

11.    It is generally the case in Debtor's industry that carpet installers are retained by carpet contractors as independent contractors. Notwithstanding, Debtor's independent carpet installers generally have a longstanding relationship with Debtor and materially contribute to Debtor's operations such that their unwillingness to cooperate with Debtor's postpetition business could materially and adversely affect its ability to complete existing projects and obtain new ones. The Debtor has no captive employee installers. Chism Declaration, ¶ 18. On June 19, 2008, the Debtor's carpet installers were paid for invoices submitted for work completed through June 13, 2008. The Debtor expects to receive invoices for work performed by carpet installers during the work week ending June 20, 2008, on or around June 23 and 24, 2008. The total amount of unpaid for outstanding independent contractor work that has yet to be invoiced is estimated to be approximately $130,000.00 ("Independent Contractor Claims"). Chism Declaration, ¶ 17.

12.    The payment of Independent Contractor Claims is necessary to the continued operation of the Debtor for the reason that if such payments were not made,

Page 4 of 7 - MOTION FOR FIRST DAY ORDER AUTHORIZING: (1) DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS AND EMPLOYEE EXPENSES, ACCRUED EMPLOYEE SICK PAY, VACATION PAY AND BENEFITS, EMPLOYMENT TAXES, AND PREPETITION INDEPENDENT CONTRACTOR INVOICES; AND (2) DEBTOR TO HONOR CUSTOMER DEPOSITS
SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

the Debtor cannot continue to install carpets purchased by its customers, such that the Debtor may not be able to continue to operate. Additionally, if the independent contract carpet installers are not paid, they may be able to assert construction lien rights against property owned by the Debtor's customers, creating more expenses for the Debtor and putting the Debtor's expected profits from those customers at risk. Chism Declaration, ¶ 20.

**PRIORITY CASH DEPOSITS**

13.    Additionally, the Debtor receives cash deposits from its customers, that it applies to the cost of furnishing materials and labor for installation of the carpet sold to the customers. As of the Petition Date, the Debtor has approximately $274,000 in cash deposits from its customers ("Cash Deposit Claims"). In the aggregate, the Debtor anticipates profiting from performing under its contracts with its customers with Cash Deposit Claims so long as the Cash Deposit Claims are honored in full. Accordingly, it is in the best interest of the Debtor and its creditors to allow the Debtor to fully honor the cash deposits of its customers and complete the projects to which the cash deposits apply. Chism Declaration, ¶ 19.

**CERTAIN PAYMENTS MADE PREPETITION**

14.    The payment of prepetition Wages, Commissions, Sick and Vacation, Expenses and Independent Contractor Claims (collectively, the "Obligations"), are necessary to the continued operation of the Debtor and will make Debtor's retention of its employees and contractors more likely. Chism Declaration, ¶ 32.

15.    Pursuant to § 105(a) of the Bankruptcy Code, courts have consistently permitted immediate payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors, specifically including payment of the prepetition claims of employees. See *In re Ionosphere Clubs, Inc.*, 98 BR 174, 175-77 (Bankr SDNY 1989) (authorizing payment of prepetition wages,

Page 5 of 7 - MOTION FOR FIRST DAY ORDER AUTHORIZING: (1) DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS AND EMPLOYEE EXPENSES, ACCRUED EMPLOYEE SICK PAY, VACATION PAY AND BENEFITS, EMPLOYMENT TAXES, AND PREPETITION INDEPENDENT CONTRACTOR INVOICES; AND (2) DEBTOR TO HONOR CUSTOMER DEPOSITS
SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

salaries, reimbursable business expenses and health benefits); see also *In re Gulf Air, Inc.*, 112 BR 152, 153-54 (Bankr WD La 1989). Moreover, courts have allowed immediate payment of certain prepetition obligations under the "necessity of payment doctrine." See *In re Ionosphere Clubs*, 98 BR at 176. But see, *B&W Enters., Inc. v. Goodman Oil Co. (In re B&W Enters., Inc.)*, 713 F2d 534, 537 (9th Cir 1983) (declining to apply the necessity of payment doctrine beyond the context of a railroad organization where the debtor made postpeitition payments to certain trade creditors on account of their prepetition debts without first obtaining bankruptcy court approval).

16. Payment of the Obligations is essential if the Debtor is to complete the Sale. Moreover, such payments are necessary in order to ameliorate in a small but important measure the troubles that the employees and contractors face as a result of the Debtor's financial difficulties.

17. Should the Court approve the cash collateral motion, the Debtor will have sufficient cash to pay all Obligations from cash collateral.

18. Certain of the Obligations which the Debtor requests authority to pay are entitled to priority under § 507(a)(4) of the Bankruptcy Code. Section 507(a)(4) provides that each employee may be granted a priority claim for "allowed unsecured claims, but only to the extent of $10,950 for each individual… earned within 90 days before the date of the filing of the petition… for wages, salaries, or commissions…" 11 USC § 507(a)(4). Because the Obligations were earned within ninety (90) days of the commencement of the Debtor's bankruptcy case, employees' claims for payment of such amounts are entitled to priority pursuant to § 507(a)(4).

19. Notice of this Motion has been served by ECF, facsimile, or overnight courier to (i) the United States Trustee, (ii) each of the Debtors' secured creditors or their counsel (Sterling Savings Bank), (iii) Mohawk; (iv) Shaw; and (v) the 20 largest unsecured trade creditors included on the list filed pursuant to BR 1007(d). In light of

Page 6 of 7 - MOTION FOR FIRST DAY ORDER AUTHORIZING: (1) DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS AND EMPLOYEE EXPENSES, ACCRUED EMPLOYEE SICK PAY, VACATION PAY AND BENEFITS, EMPLOYMENT TAXES, AND PREPETITION INDEPENDENT CONTRACTOR INVOICES; AND (2) DEBTOR TO HONOR CUSTOMER DEPOSITS
SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

the emergency nature of the relief requested herein, the Debtor submits that no other or further notice is required in these circumstances.

WHEREFORE, the Debtor respectfully requests entry of the Order granting the relief sought herein and such other and further relief as the Court may deem proper.

Dated this 20th Day of June, 2008.

SUSSMAN SHANK LLP

By *_/s/ Barry P. Caplan_*

Barry P. Caplan, OSB No. 65017
Martin P. Meyers, OSB No. 99082
Proposed Attorneys for Debtor and Debtor-in-Possession

**F:\CLIENTS\19838\002\FIRST DAY MOTIONS\P-MOTION RE PREPETITION WAGES ETC (FINAL)MPM.DOC**

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

CERTIFICATE OF SERVICE

I, Cynthia A. Tolle, declare as follows:

I am employed in the County of Multnomah, State of Oregon; I am over the age of eighteen years and am not a party to this action; my business address is 1000 SW Broadway, Suite 1400, Portland, Oregon 97205-3089, in said County and State.

I certify that on June 20, 2008, I served, a full and correct copy of the foregoing **Document** to the parties of record, addressed as follows:

**See attached Service List.**

I also certify that on June 20, 2008, I determined from the United States Bankruptcy Court for the District of Oregon's electronic case filing system that the following parties will be served electronically via ECF:

**See attached Service List.**

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 20, 2008.

*/s/ Cynthia A. Tolle*

Cynthia A. Tolle, Legal Assistant

F:\CLIENTS\19838\002\FIRST DAY MOTIONS\CERTMASTER (CYNTHIA).DOC

# SERVICE LIST

**VIA ECF**

U.S. Trustee, Portland
ustpregion18.pl.ecf@usdoj.gov

**20 LARGEST UNSECURED CREDITORS**

**VIA FACSIMILE**
American Property Management
Attn: Doug Lindholm
2154 NE Broadway, Suite 200
Portland, OR 97232
Telephone: 503-222-1655
Facsimile: 503-274-6510

Beauleiu of America
c/o Tammy Russell
Dept 3133
135 S Lasalle St.
Chicago, IL 60674-3133
Telephone: 800-244-1109
Facsimile: 888-225-1056

Brightway Construction
c/o Tony Molofy
20375 NE Lakeside Dr.
Fairview, OR 97024
Telephone: 503-661-4443
Facsimile: 503-618-0106

Cascade Pacific Inc.
c/o Julie Woolcott
5043 SE 26th Avenue
Portland, OR 97202
Telephone: 503-233-9663
503-595-1716
Facsimile: 503-233-0981

Cronin Co.
c/o Sandy Hardison
PO Box 2924
Portland, OR 97208-2924
Telephone: 503-226-3508
Facsimile: 503-382-4492

The Dixie Group-Dixie Home
c/o Suzanne Neese
716 Bill Myles Drive
Sarland, AL 36571
Telephone: 800-633-0468 (Masland)
866-873-2875 (Dixie Home)
Facsimile: 251-679-3612

Emser Tile, Inc.
c/o Mike Weaver
6310 Miramar Rd.
San Diego, CA 92121
Telephone: 503-234=8453
Facsimile: 503-522-5614

Flexible Foam Products Inc.
c/o Kris Dey
1205 Prudential Blvd.
Longview, WA 98632
Telephone: 360-575-8844
360-575-8898
Facsimile: 360-575-8877

J.R. Development LLC
c/o Reid Murphy
PO Box 1064
Eagle Point, OR 97524
Telephone: 541-776-2336
Facsimile: 541-776-2334

Leggett & Platt
c/o Jennifer Vanlanduit
1050 S Dupont Avenue
Ontario, CA 91761
Telephone: 417-358-8131
Facsimile: 417-358-2736

Metropolitan Hardwood Floors
c/o Trini LaCasa
19406 68th Ave. S
Kent, WA 98032-1193
Telephone: 253-479-3905
Facsimile: 253-479-3935

Mohawk Carpet Corporation
c/o Laura Halcomb
PO Box 99312
Chicago, IL 60693-9312
Telephone: 800-427-4900
Facsimile: 706-625-6507

Port Décor
c/o Paul Petrone
4810 N Lagoon
Suite 400
Portland, OR 97217-7665
Telephone: 503-445-4948
Facsimile: 503-445-6278

Seapac
c/o Mark Trapp
PO Box 24994
Seattle WA, 98124-0994
Telephone: 253-796-3538
Facsimile: 253-796-3562

David Foraker, Attorney for Sterling Savings Bank
Greene & Markley, PC
Suite 600
1515 SW 5th Ave.
Portland, OR 97201
Facsimile: 503-224-8434

Sterling Savings Bank
c/o Jim Robb
111 N Wall
Spokane, WA 99201-0696
Telephone: 509-458-2891 x4720
Facsimile: 509-458-2384

Sterling Savings Bank
Attn: Heidi Stanley, Pres. & CEO
111 N Wall
Spokane, WA 99201-0696
Facsimile: 509-368-2042
**Also sent via Certified Mail, Return Receipt Requested** on June 21, 2008

Sterling Savings Bank
Attn: CT Corporation Systems, Inc., Its registered agent
388 State St, Ste 420
Salem, OR 97301
(Does not accept Fax service)
And also sent via Certified Mail, Return Receipt Requested by June 21, 2008

David Banker, attorney for Mohawk Carpet
Lowenstein & Sandler
1251 Avenue of Americas 18th Floor
New York, NY 10020
Facsimile: 212-262-7402

Shaw Industries, Inc.
c/o Doug Barta
12978 Collection Center Dr.
Chicago, IL 60693
Telephone: 503-275-5130
Facsimile: 706-428-8512

T&A Supply Co.
c/o Laurie Carlson
PO Box 927
Kent, WA 98035-0927
Telephone: 800-562-2857 x1216
Facsimile: 503-286-5109

Trinity Partners LLC
c/o John Chism
625 Charles Way
Medford, OR 97501
Telephone: 503-607-2680
Facsimile: 503-607-2159

United Tile
c/o Nita Fritzler
3145 NW Yeon Ave.
Portland, OR 97210
Telephone: 971-222-1943
Facsimile: 971-222-1965

Wanke Cascade
c/o Jenny Starks
PO Box 17068
Portland, OR 97217-0068
Telephone: 503-978-8388
Facsimile: 502-285-5640

**ALSO NOTIFY:**

Conrad Myers
Myers & Company
6327 SW Capitol Highway PMB 222
Portland, OR 97239
Telephone: 503-784-1178
Facsimile:

Thomas K. Wolf
Thomas K. Wolf LLC
4550 SW Kruse Way Suite 125
Lake Oswego, OR 97035
Telephone: 503-697-8455
Facsimile: 503-697-8552

Doug Pahl
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503-727-2087
Facsimile: 503-727-2222